IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CASE NO. 1:98-CR-329-03 (RCL) |
| SAMUEL CARSON | § § | |

**DEFENDANT CARSON'S REPLY MOTION FOR DISCOVERY**

Pursuant to Rule 6 of the Rules Governing Section 2255 cases, Defendant Carson hereby requests this Honorable Court to order discovery in this matter. The Supreme Court has said that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is …entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) ellipsis in original; quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

The evidence before this Court is more than pure conjecture or wishful thinking on the part of Defendant. It is uncontroverted that the two individuals placed in front of a grand jury in Prince George's County testified that other persons, not Defendant Carson, were involved in the triple murders for which is he tried and convicted. The facts show that these testifying individuals were paid a large sum of money for testimony in this case by the government. Whether this was given as compensation for their testimony, relocation expenses or "pay off" money to make them disappear after their testimony was no longer convenient to the government's theory of the case is unclear. Which government entity provided those funds, signed off on their disbursement and authorized

1

the payments is also unclear.  Why these individuals faced no consequences for their allegedly false testimony is also a mystery.

Based upon the record currently available to Defendant Carson, and additional information submitted to this court showing a joint investigation ongoing at the time of the Grand Jury testimony, discovery is warranted to further show severe Brady violations occurred in this case, which materially impacted Mr. Carson's defense at trial. Defendant has reason to believe that, according to the timeline currently in the record, the following facts demonstrate a threshold showing that Discovery is warranted in this case and if ordered, would give rise to facts demonstrating he is entitled to relief.

1.  The triple murder was committed late November of 1996.

2.  On November 22, 1996, Prince George's County Police Chief, John S. Farrell, told the Washington Post that this investigation was a joint investigation of the Federal Bureau of Investigations (FBI), Drug Enforcement Administration, and the Prince George's County Police Department.

3.  On December 5, 1996, The FBI, arrested Robert Smith and began questioning him concerning criminal activities and the K Street organization.

4.  On December 10, 1996, two witnesses, Pickney and Owens, were placed in front of a Grand Jury and testified at that time that other persons, not Defendant Carson were responsible for the triple murder.

5.  The Government gave these individuals a large sum of money that they used up in a short period of time and then came back to ask for more.

6. There is no evidence that once it was determined that these individuals had lied to the Grand Jury, as believed by the Government, that they were ever prosecuted for perjury or even asked to return the money given to them in connection with this testimony.

7. Mr. Carson was subsequently indicted for these triple murders based on testimony supplied by Robert Smith, the FBI's cooperating witness.

8. Regardless of the time in which the Federal Government fully learned from Smith this evidence upon which it relied upon to seek indictment, it at the very least, knew or should have known through its own "joint investigation" that a differing theory of events had been reported by other witnesses in Prince George's County.

9. Once Carson was indicted on these charges, the Federal government was aware at that time of Brady material with regard to this charge in the indictment as pertaining to Carson.

10. The government's responsibility to provide that Brady material attached at this time and failure to do so created a delay which materially hindered the Defendant's ability to locate those witnesses at the time of his trial so that they could testify in person.   The Government had years to seek out and investigate the theory's credibility and dismiss it as unreliable if that was indeed the case.  Instead, the federal government presumably did nothing.  It distanced itself from the Prince George's County investigation when it was inconsistent to it's own theory of events (when the evidence showed someone else responsible other than Carson).

11. Finally, at trial evidence of the government's failure to prosecute Pickney and Owens and their payments for "relocation" are tantamount to the government being responsible for the unavailability of these witnesses at trial. Using this unavailability to shield themselves from the evidence of their own creation by claiming a fictional divide in the investigation at the time of the Grand Jury violates Mr. Carson's constitutional rights.

Discovery is sought in this case to show that Mr. Carson's rights under the Constitution were violated when he was denied the true information surrounding the testimony of these individuals and their payments made by the government in connection with such testimony. Moreover, this evidence may help to form his claim of ineffective assistance of counsel against his trial and appellate counsel. The Government argues that such evidence would be used only to try and revisit the ruling by the District Court regarding the use of such testimony at trial. This is incorrect. Mr. Carson believes a much larger problem exists with regard to the disclosure of Brady Material in this case and specifically as it pertains to this triple murder evidence. Discovery is needed to support this claim in his §2255 motion.

Defendant Carson believes that there is a fundamental fairness that has been breached by the Government in this case. The inconvenient fact is that PG County created Brady evidence that directly impacted a bigger case they sought somewhere else against bigger fish, Mr. Carson and his associates. That however, did not excuse them from the duty to turn that material over in a timely manner and deal with it properly. If disclosure had happened promptly, these witnesses might have been located in time to testify at the time of trial. They could have presented their testimony and been

impeached with whatever investigative work the government had done regarding their false testimony.  The lack of such investigative work, or consequences for these witnesses' believed false testimony, would also have been probative to the case on several levels.  It would have spoken volumes about the manner in which the "paid" witnesses in this case were expected to behave and the consequences they faced for lying.  Since most, if not all of the government witnesses in the case were paid, this would have had a huge impact at trial.  More directly, the evidence would have called more scrutiny upon the reliability of Mr. Smith's version of events regarding the triple murder.

      Mr. Carson's constitutional rights have been directly impacted by the very federal government that claims it had nothing to do with the PG County Grand Jury testimony.  The government claims that once the grand jury testimony happened, and they weren't there to be a party to it, their obligations ended.  That is not the case, especially in light of their continuing financial and investigatory involvement in the triple murder investigation and their continuing Brady responsibilities.  This arbitrary line in time did not forever cut off the federal government's responsibilities to protect the constitutional rights of Mr. Carson.  What Mr. Carson seeks here is the opportunity to examine the documents surrounding this triple murder. At this juncture, it is clear Mr. Carson has presented the threshold showing needed to allow discovery of these documents.

      Respectfully submitted,

_____/s/_____
Kira Anne West
1325 G Street, NW
Suite 500
Washington, D.C. 20005
D.C. Bar No. 993523
202-236-2042
kiraannewest@gmail.com
Attorney for Samuel Carson

**Certificate of Service**

      I hereby certify that on this 12th day of July 2012, a true and correct copy of the foregoing Defendant's Motion was served via the ECF system on the other counsel registered with ECF in this matter:

/s/_____
Kira Anne West